IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMMITT REED JONES, #161334, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-CV-427-MEF |
| ) | [WO] |
| KIM TOBIAS THOMAS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate housed at the Ventress Correctional Facility ["Ventress"] located in Clayton, Alabama, brings this 42 U.S.C. § 1983 action alleging a violation of his Eighth Amendment rights as a result of allegedly unconstitutional conditions of confinement to which is subjected at the facility. *See Doc. No. 8*. Plaintiff requests trial by jury and seeks declaratory and injunctive relief against Defendants Christopher Gordy, Warden of Ventress; James Carlton, Associate Warden of Ventress; Commissioner Kim Thomas; Governor Robert Bentley; Senator Cam Ward; and Representative Mike Hubbard. *Id*. Upon review of the amended complaint, the court concludes that dismissal of Plaintiff's amended complaint against Defendants Bentley, Ward, and Hubbard is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

## I.  DISCUSSION

Plaintiff brings this amended complaint alleging that his constitutional rights are being violated by various unconstitutional conditions of confinement in existence at Ventress. Such conditions include, *e.g.*, overcrowding, unsanitary living conditions leading to the spread of contagious/infectious diseases including scabies, poorly maintained fire exits, inadequate heating capabilities, untrained inmate kitchen workers, improper and unhygienic food storage, improper maintenance of kitchen cleaning equipment, unsanitary garbage disposal practices, and inadequate nutrition. *Doc. No. 8*.

In addition to Defendants Gordy, Carlton, and Thomas, Plaintiff seeks to bring his challenge regarding allegedly unconstitutional living conditions at Ventress against Governor Robert Bentley, Senator Cam Ward, and Representative Mike Hubbard.  Plaintiff's amended complaint, however, fails to indicate how these  Defendants are personally responsible for the alleged denial of his constitutional rights regarding the conditions of confinement at Ventress to which he is subjected. Further, the amended complaint fails to  state specific facts describing how any of these defendants violated his constitutional rights. It is also not enough to assert in a generalized and conclusory fashion that Alabama's political or state officials have failed to address overcrowding in the prison system.

At best, it appears from a careful reading of  the amended complaint that Plaintiff names Defendants Bentley, Ward, and Hubbard as defendants based on a theory of *respondeat superior*.  A § 1983 action, however,  will not support a claim under this theory.

*See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009); *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir. 1994). In *Iqbal*, the Court clarified that a government official sued in his/her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of some general connection to allegedly responsible individuals or actions. *Id.* at 676-77 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* .... [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution .... [P]urpose rather than knowledge is required to impose [constitutional] liability on ... an official charged with violations arising from his or her superintendent responsibilities"); *see also Greason v. Kemp,* 891 F.2d 829, 836 (11th Cir. 1990) (explaining that a supervisor "can be held liable under section 1983 when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiff, and his conduct was causally related to the constitutional violation committed by his subordinate") (citations and footnote omitted). Rather, the language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988).

Here, the court finds that Plaintiff's amended complaint against Defendants Bentley, Ward, and Hubbard is premised on only these Defendants' supervisory roles in state

government. There is no allegation by Plaintiff of any facts showing purposeful personal involvement by these Defendants. Plaintiff's allegations of constitutional violations at Ventress are, therefore, due to be dismissed against Defendants Bentley, Ward, and Hubbard because Plaintiff has not alleged that they participated in or directed any of the misconduct about which he complains. Without such personal involvement, these Defendants may not be held liable. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). It is clear that these Defendants are not involved in the daily operations of Ventress or any other state correctional facility. Further, Plaintiff fails to allege that a causal relationship exists between an action undertaken or a policy enacted by Defendants Bentley, Ward, and/or Hubbard and any constitutional deprivation to Plaintiff. Accordingly, Plaintiff's amended complaint against Defendants Bentley, Ward, and Hubbard is due to be dismissed as he has not stated a viable § 1983 claim against them. *See Iqbal,* 556 U.S. at 676-77; *see also Tenney v. Brandhove,* 341 U.S. 367, 372 (1951) (attempt to impose liability on an individual for his or her legislative activities is subject ct to dismissal as the law is well settled that state and regional legislators are entitled to absolute immunity from liability under § 1983 for conduct undertaken in their legislative capacity); *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391 (1979).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's amended complaint against Defendants Bentley, Ward, and Hubbard be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2.  Defendants Bentley, Ward, and Hubbard be DISMISSED as parties to the amended complaint; and

3.  Plaintiff's amended complaint against Defendants Thomas, Gordy, and Carlton be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **October 20, 2014**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 6th day of October, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE