IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMMITT REED JONES, #161334, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-CV-427-WHA |
| ) | [WO] |
| KIM TOBIAS THOMAS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a prison inmate, filed this complaint on June 3, 2014. On August 6, 2014, the court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendant submitted an answer and written report on October 1, 2014, which contained relevant evidentiary materials addressing the allegations presented in the complaint. The court then issued an order directing Plaintiff to file a response to Defendants' answer and written report. *Doc. No. 18*. Plaintiff was advised that his failure to respond to Defendants' written report would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*. Plaintiff was "specifically cautioned that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this case. *Id*.

The time allotted Plaintiff for the filing of a response expired on October 24, 2014. As of the present date, Plaintiff has filed nothing in opposition to Defendant's answer and written report as required by order filed October 1, 2014. In light of the foregoing, the court

concludes that this case should be dismissed.

The court has reviewed the file to determine whether a sanction less drastic than dismissal is appropriate. After such review, the undersigned concludes dismissal of this case is the proper sanction. Plaintiff is an indigent state inmate. The imposition of monetary or other punitive sanctions against him would, therefore, be ineffectual. Further, Plaintiff has failed to comply with the orders entered by the court. It is therefore apparent that any additional effort by this court to secure Plaintiff's compliance would be unavailing. Consequently, the court concludes Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *also Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution).

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice.

It is further

ORDERED that on or before **January 26, 2015**, the parties may file an objection to

the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of January, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE